## Hormell's Estate.

Argued September 30, 1931. Before FRAZER, C. J., WALLING, SIMPSON, KEPHART, SCHAFFER, MAXEY and DREW, JJ.

*Robert B. Stauft,* with him *Dean D. Sturgis,* for appellant.

*H. S. Dumbauld,* for appellee, was not heard.

PER CURIAM, November 23, 1931:

This appeal is from a decree of distribution by an assignee of one of the distributees. Briefly the facts are: That in 1921 a court order was issued to Harry G. Hormell to pay $75 a month toward the support of his wife, Catherine C. Hormell, appellant. After the husband had been detained in the county jail for failure to make payments, an agreement was entered into by which the wife released him of all future liability for her support and he executed an assignment to her, the interpretation of which is the subject of this controversy. The assignment in question was prepared by the wife's attorney, a reputable member of the Fayette County Bar, and recited the fact that Couzens Smith, Harry G. Hormell's grandfather, had left Minerva Hormell, Harry G. Hormell's mother, a life interest in a farm, with remainder over to the heirs of Minerva Hormell; that this farm had been sold and the money placed in trust with Samuel E. Taylor, acting as trustee; the income of this fund to go to Minerva Hormell during her life and at her death the principal to be distributed among her heirs. Following this, the assignment provided: "That I, Harry G. Hormell, a son of and one of the heirs of said Minerva Hormell,......do hereby grant......unto Catherine C. Hormell, her heirs and assigns, all right, title and interest of every kind whatsoever that I now

have or may have in any and all trust funds arising or to me accruing from my mother or my mother's estate and more particularly such interests as I now have or may have in the trust fund of which Samuel E. Taylor of the National Deposit Bank of South Brownsville is trustee."

In October, 1929, Harry G. Hormell, who, in the meantime had divorced Catherine C. Hormell and remarried, executed, with his second wife, a deed to Stuart F. Hamill, by which he assigned to Hamill his expectant interest in real estate situated in Union Street, South Brownsville, belonging to his mother, and any interest he might have in the personal estate, money or other property of which Minerva Hormell, his mother, might die seized. Minerva Hormell died intestate in September, 1929, leaving Harry G. Hormell to survive her as one of her heirs.

Catherine C. Hormell has been paid the share of Harry G. Hormell in the trust fund held by Samuel E. Taylor. She now claims to be entitled, under the assignment, to Harry G. Hormell's share in Minerva Hormell's personal estate, and opposes an award of that amount to Hamill. Appellant argues that her assignment is general and was intended to convey not only Harry G. Hormell's interest in the trust fund but also his expectancy in his mother's personal estate. This argument finds no substantiation in the unequivocal term "trust funds" which the assignment uses. Neither at the time of the execution of the assignment nor since have there been any "trust funds" accruing to Harry G. Hormell other than his share of the trust of which Samuel E. Taylor was trustee. Harry's estate by inheritance from his mother, apart from the Taylor trust, could in no proper view be considered "trust funds." In the assignment to appellant, the trust funds were "more particularly" defined as "such interests as I [Harry G. Hormell] now have or may have in the trust fund of which Samuel E. Taylor of the National Deposit Bank of South

Brownsville is trustee." It is futile for appellant to offer extraneous evidence of what was meant by the phraseology of the assignment when its terms are clear, and of definite legal meaning.

Apart from the $5,454 already paid by Mr. Taylor to appellant, the administrator, on distribution, has allowed Catherine C. Hormell an award of $275.35, being Harry G. Hormell's share of additional money arising out of the Taylor trust fund. The two sums are properly hers under the assignment. The award to Stuart F. Hamill of Harry's undivided one-fifth interest in the house and lot in South Brownsville and the sum of $3,287.16 representing Harry's portion of interest in his mother's personal estate, properly his under his deed from Hormell, will not be disturbed in favor of appellant.

The decree of distribution, in so far as its several items are before us on this appeal, is affirmed; costs to be paid by appellant.